COMMONWEALTH *vs.* JOSE ARNAUT.[1] No. 09-P-1872. January 5, 2011. *Controlled Substances. Evidence,* Certificate of drug analysis. *Constitutional Law,* Confrontation of witnesses, Retroactivity of judicial holding. *Practice, Criminal,* Confrontation of witnesses, Retroactivity of judicial holding, New trial.

In January, 2004, the defendant, Jose Arnaut, was convicted in a jury-waived trial of trafficking in 200 or more grams of cocaine, G. L. c. 94C, § 32E(*b*)(4); possession of cocaine with intent to distribute, G. L. c. 94C, § 32A(*c*); distribution of cocaine, G. L. c. 94C, § 32A(*c*); and two counts of a drug violation within a school zone, G. L. c. 94C, § 32J. The defendant appeals here from the denial of his second motion for a new trial, making several arguments, the crux of which is that *Melendez-Diaz* v. *Massachusetts,* 129 S. Ct. 2527 (2009), should be applied retroactively to a case pending on collateral review, even though the issue was not preserved at trial or raised in two earlier appeals.[2]

While the defendant's direct appeal was pending, the United States Supreme Court decided *Crawford* v. *Washington,* 541 U.S. 36 (2004). Interpreting this decision, the Supreme Judicial Court held in *Commonwealth* v. *Verde,* 444 Mass. 279, 283-284 (2005), that certificates of drug analysis were not "testimonial statements" within the meaning of *Crawford.* In 2006, the defendant's direct appeal was denied. A later appeal from his pro se motion for new trial, filed in 2007, was denied in October, 2008.[3] About a year later, in *Melendez-Diaz* v. *Massachusetts,* the Supreme Court held that such certificates are testimonial and trigger confrontation clause protections. Two months after the Supreme Court's *Melendez-Diaz* decision was issued, the defendant filed his second motion for a new trial, arguing for the first time that the admission of the certificates at his trial was error and adding that trial counsel and appellate counsel were ineffective for failing to raise this claim. The motion was denied and the defendant has again appealed.

Our response to the defendant's argument is guided by *Teague* v. *Lane,* 489 U.S. 288 (1989), and *Commonwealth* v. *Amirault,* 424 Mass. 618 (1997). In the latter, the court wrote that, "[i]n deciding whether a new doctrine shall be applied retroactively, once the regular course of adjudication has been completed, the novelty of the doctrine ordinarily cuts against its retroactive application: we simply ask whether the process was correct and regular according to the rules in force at that time. . . . [N]ew rules should not apply retroactively 'unless they fall within either of two very limited exceptions' . . . lest every development in the law entail a wave of new trials of matters long since closed . . . ." *Commonwealth* v. *Amirault, supra* at 638, quoting from *Commonwealth* v. *Bray,* 407 Mass. 296, 300 (1990).

As the two exceptions[4] do not apply here, see *Whorton* v. *Bockting,* 549

---

[1]Also known as Jose Alberto Rodriguez Torres.

[2]The remaining arguments are meritless.

[3]The United States Supreme Court granted certiorari in *Melendez-Diaz* v. *Massachusetts* in March, 2008. 557 U.S. 1256.

[4]"[A] new rule is only applied 'if it places certain kinds of primary, private individual

U.S. 406, 416-421 (2007),[5] the defendant's second pro se motion for a new trial was rightfully denied because he is not entitled on collateral review to the application of the *Melendez-Diaz* ruling.[6]

*Order denying second motion for new trial affirmed.*

The case was submitted on briefs.

*Jose Arnaut*, pro se.

*Marcia B. Julian*, Assistant District Attorney, for the Commonwealth.


---

conduct beyond the power of the criminal law-making authority to proscribe' or addresses a procedure of 'fundamental fairness' which is 'implicit in the concept of ordered liberty' and 'without which the likelihood of an accurate conviction is seriously diminished.' " *Commonwealth* v. *Amirault, supra* at 638, quoting from *Commonwealth* v. *Bray, supra* at 300 (quotation and citation omitted). See *Whorton* v. *Bockting,* 549 U.S. 406, 416 (2007), quoting from *Saffle* v. *Parks,* 494 U.S. 484, 495 (1990) ("A new rule applies retroactively in a collateral proceeding only if [1] the rule is substantive or [2] the rule is a 'watershed rule of criminal procedure' implicating the fundamental fairness and accuracy of the criminal proceeding").

[5]*Whorton* v. *Bockting, supra* at 421, held "that *Crawford* [v. *Washington,* 541 U.S. 36 (2004),] announced a 'new rule' of criminal procedure and that this rule does not fall within the *Teague* exception for watershed rules." We assume thus that *Melendez-Diaz,* which is based upon *Crawford,* is subject to the same interpretation. See *Melendez-Diaz* v. *Massachusetts,* 129 S. Ct. at 2542. Accord Larkin *vs.* Yates, U.S. Dist. Ct., No. CV09-2034-DSF, slip op. at 2 (C.D. Cal. July 9, 2009); United States *vs.* Alexander, U.S. Dist. Ct., Nos. 2:04-CR-71, 2:09-CV-294, slip op. at 5 (N.D. Ind. Jan. 25, 2010); Newsome *vs.* Superintendent, U.S. Dist. Ct., No. 3:09-CV-92, slip op. at 3 (N.D. Ind. Feb. 17, 2010); Galiana *vs.* McNeil, U.S. Dist. Ct., No. 08-20705-CIV, slip op. at 18 (S.D. Fla. July 5, 2010).

[6]This case differs from *Commonwealth* v. *Vasquez,* 456 Mass. 350 (2010), in that *Vasquez* involved a case on direct review while Arnaut's is on collateral review.